# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: **WILLIAM J. OLMEDA,** aka William John Olmeda, aka William Olmeda, Debtor, | : : : | **Chapter 13** Case No. **5:17-bk-00260** |
| **NATIONSTAR MORTGAGE, LLC,** as servicer for The Bank of New York Mellon, fka The Bank of New York, as successor in interest to JPMorgan Chase Bank, NA, as Trustee for Centrex Home Equity Loan Trust 2006-A, Movant v. **WILLIAM J. OLMEDA** and **CHARLES J. DEHART, III, TRUSTEE,** Respondents | : : : : : : : : : : | Motion for Relief from Stay |

## ANSWER TO MOTION OF NATIONSTAR MORTGAGE FOR RELIEF FROM STAY

AND NOW COMES Debtor **WILLIAM J. OLMEDA**, by and through his attorneys, NEWMAN, WILLIAMS, MISHKIN, CORVELEYN, WOLFE & FARERI, P.C., and in Answer to the Motion of **NATIONSTAR MORTGAGE** for Relief from Stay avers:

1-2. Admitted.

3. Denied to the extent paragraph 3 is other than a statement or conclusion of law or misplaced request for relief.

4. Admitted in part and Denied in part. Debtor has no basis to form a belief as to the name of a potential foreclosure plaintiff, and such is therefore Denied.

5. Denied. Debtor has no basis to form a belief as to what is in possession of Movant, and such is therefore Denied.

6. Admitted.

7. Denied. Debtor is investigating the status of any such second mortgage. No such second mortgage appeared on his prepetition credit report or sends statements.

8. Denied. The payment history filed in accordance with Local Rule 4001-1 demonstrates that Debtor has made payments totaling $29,196.27 since the effective date of his postpetition loan modification. The payment history also indicates that $30,654.70 has come due since the effective date of the postpetition loan modification. Debtor made payment of $1,525.41 on or about March 1, 2018, that is not on the payment history, bringing the total payments since the effective date of the loan modification to $30,721.68. Debtor has already paid a portion of the March 1, 2018 mortgage payment. Debtor reasonably believes that the payment of $4,736.69 credited on or about September 11, 2017 satisfied all payments due through October 1, 2017 (and his concurrent record reflects that the payment amount was actually $4,892.12, plus a $20 transaction fee, paid on August 31, 2017, by phone with Nationstar representative "Ashley" with confirmation number 62284436). The discrepancy appears to have been caused by Nationstar accounting errors, including a $1,067.67 payment to principle from suspense on or about September 11, 2017, that 1) should never have been applied to principle and 2) should have left $524.72 in suspense (a total of $1,592.39 if the inexplicable payment to principal had not been made).

9. Denied. See response to paragraph 8, above. None of the averments of paragraph 9 can be correct given the payment history and errors indicated.

10. Denied. See response to paragraph 8, above. None of the averments of paragraph 10, other than the fair market value can be correct given the payment history and errors indicated. Further, the approved loan modification, of record on the docket, demonstrates that the "Corporate Advances" figure is patently incorrect. Debtor reasonably believes that the fair market value is greater due to a modest appreciation in value since the date of the petition.

11. Denied to the extent paragraph 11 is other than a statement or conclusion of law or misplaced request for relief. See response to paragraph 8, above. Movants own payment history adequately demonstrates that Movant is 1) not being immediately or irreparably harmed, 2) not entitled to relief from stay, and 3) is adequately protected. Further, as Debtor's residence, the property is necessary for an effective reorganization.

12. Denied to the extent paragraph 12 is other than a statement or conclusion of law or misplaced request for relief. Movant has not even alleged grounds for such extraordinary relief.

13. Denied to the extent the documents stated do not speak for themselves. Upon information, only the loan modification agreement and payment history are relevant, and both speak for themselves. Further, Debtor has no present reason to doubt the accuracy of the payment history.

WHEREFORE, Debtor **WILLIAM J. OLMEDA,** respectfully pray this Honorable Court for an Order than the Motion of **NATIONSTAR MORTGAGE** for Relief from Stay be Denied, and for such other and further relief as the Honorable Court deems just and appropriate.

    NEWMAN, WILLIAMS, MISHKIN,
    CORVELEYN, WOLFE & FARERI, P.C.

By: /s/ J. Zac Christman
    J. Zac Christman, Esquire
    Attorney for Debtor
    PO Box 511, 712 Monroe Street
    Stroudsburg, PA 18360
    (570) 421-9090; fax (570) 424-9739
    jchristman@newmanwilliams.com